IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANETTE C. GATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-00208 |
| ) | |
| v. ) | |
| ) | Judge Sharp |
| ) | Magistrate Judge Bryant |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON COUNTY ) | |
| – DAVIDSON COUNTY ELECTION ) | |
| COMMISSION, ) | |
| ) | |
| Defendants. ) | |

R E P O R T   A N D   R E C O M M E N D A T I O N

I

OVERVIEW

This case was removed to the Middle District of Tennessee on February 24, 2012. Docket Entry No. 1. It was referred to the undersigned Magistrate Judge by Order of District Judge Sharp on February 29, 2012. Docket Entry No. 4.

Some prior uncertainty concerning the proper governmental entity defendants in the case has now been clarified. In the original complaint filed in state court, the "Metropolitan Government of Nashville and Davidson County – Davidson County Election Commission" was named as a single defendant. Plaintiff subsequently amended her complaint in this Court, naming the Metropolitan Government and the Election Commission as separate

1

defendants. Docket Entry No. 20, ¶ 2. By agreement of the parties, since Plaintiff's employer was the Davidson County Election Commission (DCEC) – not the Metropolitan Government – the Metropolitan Government of Nashville and Davidson County was dismissed from the case. Docket Entry No. 34. The DCEC has filed an answer to the amended complaint. Docket Entry No. 24. Accordingly, there are now three defendants in this case: 1) the DCEC, 2) Albert Tieche, and 3) Lynn Greer.

Currently pending before this court are motions to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) by Defendants Tieche and Greer. For the reasons given below, the undersigned recommends that Defendant Tieche's motion (Docket Entry No. 23) be GRANTED, and that Defendant Greer's motion (Docket Entry No. 28) be GRANTED in part and DENIED in part.

II

FACTS

The following facts, assumed to be true for the purposes of deciding these motions, are presented in the amended complaint.

On an unspecified date sometime before July 19, 2010, Plaintiff Janette C. Gates began her employment at the Defendant Davidson County Election Commission. Docket Entry No. 20 at ¶ 4. Her employment ended on January 21, 2011, when she was terminated by Defendant Albert Tieche. Id. at ¶ 14.

Sometime during Gates' employ, Nancy Tice was hired by the DCEC, despite her lack of qualification for the job. Id. at ¶ 9. Her continued employment with the DCEC was due to an inappropriate personal relationship with Defendant Lynn Greer, who was the Chair of the DCEC. Id. at ¶¶ 7,9.

2

On July 19, 2010, Plaintiff Gates filed a complaint with the Tennessee Human Rights Commission alleging gender discrimination against the DCEC. Id. at ¶ 4. Defendant Greer ordered Gates to dismiss her complaint on or before August 5, 2010. Id. at ¶ 10. He then ordered Ray Barrett, the administrator of the DCEC, to terminate Gates if she refused to dismiss her complaint. Id. at ¶ 11-12.

After Barrett refused to terminate Gates, Greer had him replaced with Defendant Tieche. Id. at ¶ 12-13. Tieche terminated the Plaintiff on January 21, 2011, at the urging of Defendant Greer. Id. at ¶ 14.

III

STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. Legal conclusions and unwarranted factual allegations may be disregarded. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim." However, the Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must raise the claim above the speculative level, but need not plead detailed factual allegations. Id. "Threadbare recitals of the elements

of a cause of action . . ." will not "unlock the doors of discovery for a plaintiff." Iqbal, 556 U.S. at 678-79.

IV

LEGAL CONCLUSIONS

Individual Liability under the Tennessee Human Rights Act (THRA) and Title VII

T.C.A. § 4-21-301 states that:

> "[i]t is a discriminatory practice for a person or for two (2) or more persons to: (1) Retaliate or discriminate in any manner against a person . . . because such person has made a charge, filed a complaint, testified, assisted or participated in any manner in any investigation, proceeding or hearing under this chapter . . . ."

The language of this statute appears to impose individual liability for violations of the THRA. However, Tennessee case law has clearly held otherwise. "[T]he legislature intended the THRA to be coextensive with federal law." Carr v. United Parcel Service, 955 S.W.2d 832, 835 (Tenn. 1997). The federal circuit courts of appeals are in near unanimous agreement that Title VII does not impose individual liability.[1] Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997). Of particular relevance in this Court, the Sixth Circuit is in the majority that does not impose individual liability. Id. at 405.

Accordingly, supervisors may not be held individually liable for discriminatory conduct under the Tennessee Human Rights Act or Title VII. A plaintiff's claim is against her employer, not her supervisor. "If an employer responds promptly and appropriately to the

---

[1] See Wathen, 115 F.3d at 404-05, for an extensive discussion of the circuit courts, as well as the district courts within the Sixth Circuit, to decide the issue. The majority have held that a supervisor cannot be held individually liable under Title VII.

harassment, the THRA has not been violated." Carr, 955 S.W.2d at 836. It is unclear under which provisions of the THRA the complaint claims Defendant Greer and Tieche are liable, but to the extent that it attempts to hold them individually liable under § 4-21-301(1), those claims should be dismissed. Similarly, the claims under 42 U.S.C. § 2000e-2 should be dismissed.

An individual may, however, be held liable as an aider and abettor under the THRA if he discourages his employer from taking remedial action. See Carr, 955 S.W.2d at 837; Emerson v. Oak Ridge Research, Inc., 187 S.W.3d 364, 377 (Tenn. Ct. App. 2005); Rhea v. Dollar Tree Stores, Inc., 395 F. Supp. 2d 696, 706 (W.D. Tenn. 2005). T.C.A. § 4-21-301(2) establishes this liability. "Individual accomplice liability under a hostile work environment theory requires conduct that is distinct from the harassment." Carr, 955 S.W.2d at 837. A supervisor cannot be held liable under the THRA for the harassing conduct, but he can be held liable if he discourages his employer from taking action to remedy the harassment.

Title VII, however, does not contain an aider and abettor provision. Therefore, the Title VII claims against Defendants Tieche and Greer should be dismissed. The aider and abettor claims under the THRA, raised in the complaint at ¶¶ 17-18, are addressed below.

### Aider and Abettor Liability

#### Defendant Tieche

Plaintiff has essentially made only one allegation against Tieche: "On January 21, 2011, the Defendant Tieche acceded to Greer's demands and terminated the Plaintiff without cause in retaliation for the Plaintiff's protected activity and refusal to dismiss her Complaint." Docket Entry No. 20 at ¶ 14. The first portion of this paragraph consists of well-pleaded factual allegations. The second half ("without cause in retaliation . . ."), however, consists

5

entirely of legal conclusions. These allegations are no more than "threadbare recitals of [the] cause of action's elements . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Ignoring the legal conclusions, all that is left is the assertion that Defendant Tieche terminated the Plaintiff. Terminations are routinely given to administrative personnel to carry out, and do not automatically give rise to individual liability as an aider or abettor to unlawful discrimination. There is no way for this Court to plausibly infer from this allegation that Tieche, less than one month into his employment, in any way encouraged his employer to violate § 4-21-301(1), such that he should be held to answer for such alleged misconduct individually and apart from his employer, the DCEC. Accordingly, Defendant Tieche's motion to dismiss should be granted.

### *Defendant Greer*

The plaintiff has pled that Defendant Greer encouraged both Ray Barrett and Defendant Tieche to retaliate against the Plaintiff. Docket Entry No. 20 at ¶¶ 11-12. As to Barrett, the factual allegations are not detailed, but are sufficient to meet the Twombly standard. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff claims that "Defendant Greer had met with Ray Barrett and demanded Plaintiff's termination on numerous occasions." Docket Entry No. 20 at ¶ 12. These allegations, if true, could constitute a violation of T.C.A. § 4-21-301(2). It is of note that Mr. Barrett did not actually engage in the retaliatory conduct, since he refused to terminate the Plaintiff. However, the violation consists of "command[ing] a person to engage in any of the acts or practices declared discriminatory by this chapter." T.C.A. § 4-21-301(2). The Plaintiff alleges in ¶¶ 11-12 of the amended complaint that Defendant Greer gave such commands.

As discussed *supra*, the allegation that Defendant Tieche individually engaged in retaliatory action against the Plaintiff is a legal conclusion that does not pass the Iqbal standard. What remains is an allegation that Tieche acceded to Greer's demands and terminated the Plaintiff. While this allegation on its own is not sufficient to support an inference that Greer was the driving force behind DCEC's treatment of the Plaintiff after Mr. Tieche succeeded Mr. Barrett (as Defendant Greer argues, it "may be a crafty attempt to suggest an inference that Mr. Greer demanded that Mr. Tieche terminate her employment," Docket Entry No. 29 at 6), it is clear to the undersigned that the totality of the allegations against Defendant Greer supports such an inference. Indeed, Greer is alleged to have exerted his considerable influence as Chair of the Commission to keep the DCEC from disciplining the alleged harasser, Ms. Tice; to have demanded Plaintiff's termination by Mr. Barrett, and then to have ousted Mr. Barrett when he refused to comply with this demand; and to have prevailed upon Mr. Barrett's replacement, Mr. Tieche, to finally terminate Plaintiff's employment over her refusal to dismiss the charge of discrimination against Ms. Tice. These allegations, presumed true for purposes of ruling on Defendant's motion to dismiss, make out a plausible claim of discriminatory practices under T.C.A. § 4-21-301(2) against Defendant Greer. Accordingly, Defendant Greer's motion to dismiss should be denied as to the THRA claim against him.

V

RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge recommends:

(1) that Defendant Tieche's motion be GRANTED in its entirety, and the complaint against him be dismissed; and

7

(2) that Defendant Greer's motion be GRANTED as to the claims asserting his individual liability under T.C.A. § 4-21-301(1) and 42 U.S.C. § 2000e-2 (Title VII), and as to the aiding and abetting claim under Title VII, and DENIED as to the aiding and abetting claim under T.C.A. § 4-21-301(2).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 25th day of June, 2012.

/s John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE